UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LASHONDA D. COLEMAN, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> IMAGINE SCHOOLS and THURGOOD ) <br> MARSHALL ACADEMY, ) <br> ) <br> Defendant(s). ) | Case No. 4:05CV1464 JCH |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon Defendant Imagine Schools' Motion to Dismiss Plaintiff's Complaint, filed November 14, 2005. (Doc. No. 11).

## **BACKGROUND**

By way of background, Plaintiff worked as an Office Manager at Thurgood Marshall Academy. (Defendant's Motion to Dismiss, Exh. A, P. 4). On May 4, 2005, Plaintiff completed an Intake Questionnaire with the Equal Employment Opportunity Commission ("EEOC"). (Id., PP. 4-10). In her Questionnaire, Plaintiff stated that she was discriminated against by her employers, Imagine Schools and Thurgood Marshall Academy. (Id., P. 4). When asked to describe the allegedly discriminatory acts, Plaintiff stated as follows: "I was recently written up for what 'could have happened.' I was written up for something that never happened....There is a huge amount of favoritism at this company based on how well you kiss up to the administration....Making statements and issuing writings as if I don't know what I'm doing, questioning everything I do." (Id., PP. 5, 9). Notably, Plaintiff did not state she believed the discrimination occurred as a result of her gender. (Id., PP. 5, 6).

Plaintiff filed the instant Complaint on September 9, 2005. (Doc. No. 3). In her Complaint, Plaintiff names as Defendants Imagine Schools and Thurgood Marshall Academy. Plaintiff asserts Defendants' actions violated her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). (Id., ¶ 1). Specifically, Plaintiff alleges Defendants engaged in gender discrimination, when they failed to compensate her for additional assigned duties, and failed to pay her the same salary as a male office manager at another school run by the same management company. (Id., ¶ 9, 10).

As stated above, Defendant Imagine Schools filed the instant Motion to Dismiss on November 14, 2005. (Doc. No. 11). In its motion, Defendant maintains Plaintiff's sole count alleging a violation under Title VII must be dismissed due to Plaintiff's failure to exhaust her administrative remedies, because she failed to claim gender discrimination within her charge of discrimination before the EEOC. (Defendant Imagine Schools' Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint ("Defendant's Memo in Support"), PP. 4-6). Defendant further asserts Plaintiff's Title VII claim must be dismissed, as she failed to satisfy the statutory prerequisites for bringing such a claim. (Id., PP. 2-4).

**STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that

show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

**DISCUSSION**

As stated above, in its Motion to Dismiss, Defendant asserts Plaintiff's Title VII claim is barred due to her failure to file an EEOC charge alleging gender discrimination. (Defendant's Memo in Support, PP. 4-6). Specifically, Defendant notes that in her Intake Questionnaire, Plaintiff checked-off the box for "retaliation," and filled out the "harassment" portion of the Questionnaire, but left the "sex" box unchecked. (Id., P. 5, citing Defendant's Exh. A).[1] Defendant further notes that Plaintiff's Intake Questionnaire with the EEOC lacks any reference whatsoever to gender discrimination. (Id.).[2]

Title VII requires claimants timely to file a charge of discrimination with the EEOC before bringing a Title VII action in court. 42 U.S.C. § 2000e-5(e)(1). The subsequently filed lawsuit need not mirror the administrative charges, however. Duncan v. Delta Consolidated Industries, Inc., 371 F.3d 1020, 1025 (8th Cir. 2004) (citation omitted). Rather, the Eighth Circuit has held that, "[i]n determining whether an alleged discriminatory act falls within the scope of a Title VII claim, the administrative complaint must be construed liberally in order not to frustrate the remedial purposes of Title VII, and the plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." Nichols v. American Nat. Ins. Co., 154 F.3d 875, 886-87 (8th Cir. 1998) (internal quotations and citation

---

[1] Under Eighth Circuit law, the Court may consider Plaintiff's Intake Questionnaire without converting the instant motion to one for summary judgment. Faibisch v. University of Minnesota, 304 F.3d 797, 802-03 (8th Cir. 2002).

[2] Rather, in the section of the Questionnaire requesting information regarding others allegedly treated more favorably than Plaintiff in similar situations, Plaintiff lists three individuals, all of whom are female. (Defendant's Exh. A, P. 5).

omitted).  "Allegations outside the scope of the EEOC charge, however, circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d 827, 836 (8th Cir. 2000) (citation omitted).  See also Duncan, 371 F.3d at 1025 (internal quotations and citations omitted) ("the sweep of any subsequent judicial complaint may be [only] as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination").

Upon consideration, the Court finds Plaintiff did not allege gender discrimination in her EEOC complaint form.  Further, the Court holds Plaintiff's claim of gender discrimination is in no way like or reasonably related to the harassment and retaliation allegations contained in her administrative charge.  See Duncan, 371 F.3d at 1025.[3]  Plaintiff therefore did not administratively exhaust her gender discrimination claim, and so Defendant's Motion to Dismiss on this basis must be granted.  Id. at 1026.[4]

## **CONCLUSION**

Accordingly,

---

[3] In Duncan, the plaintiff filed her EEOC charge *pro se* as well, and the court addressed her unrepresented status as follows:
> We are mindful that Ms. Duncan filed her EEOC charge *pro se*.  [C]ourts should not use Title VII's administrative procedures as a trap for unwary *pro se* civil-rights plaintiffs....We....therefore, when appropriate, construe civil-rights and discrimination claims charitably....Even so, there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made.

Duncan, 371 F.3d at 1025 (internal quotations and citations omitted).

[4] In light of the above ruling, the Court finds it unnecessary to address Defendant's other argument in favor of dismissal.

- 4 -

**IT IS HEREBY ORDERED** that Defendant Imagine Schools' Motion to Dismiss Plaintiff's Complaint (Doc. No. 11) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**.[5] An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 31st day of January, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[5] Despite its failure to join in Defendant Imagine Schools' Motion to Dismiss, the Court will sua sponte dismiss Defendant Thurgood Marshall Academy, under the above reasoning.